[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10140
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00446-TCB-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO LARIOS-TRUJILLO,
a.k.a. Rico,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(November 22, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ricardo Larios-Trujillo appeals his convictions for conspiracy to possess,

with intent to distribute, at least five kilograms of cocaine and attempted possession with intent to distribute at least five kilograms of cocaine. 21 U.S.C. § 841 (a)(1), (b)(1)(A)(ii); 21 U.S.C. § 846. On appeal, Larios-Trujillo argues that the district court abused its discretion by allowing testimony from cooperating witnesses Alexander Archer and Rigoberto Delgado-Orozco regarding prior uncharged crimes. He argues that the testimony tainted the jury's verdict by discussing crimes that occurred years prior to the beginning of the charged drug conspiracy.

We review a trial court's evidentiary rulings for abuse of discretion. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992) (citation omitted). Evidence of prior "crimes, wrongs, or acts," cannot be admitted for the purpose of proving action in conformity therewith, *see* Fed. R. Evid. 404(b), though such evidence can be admitted for other purposes. *Id*.

In certain situations, however, evidence of prior bad acts is considered intrinsic to the charged crime and not governed by Rule 404(b). Evidence of acts other than the offense charged is considered intrinsic if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United*

2

*States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993) (citation omitted).

Evidence will fall under one of those three categories if it tends to explain the context, motive, and set-up of the crime. *See United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (citation omitted). Generally, the evidence must be "linked in time and circumstances with the charged crime, or form[] an integral and natural part of an account of the crime, or [be] necessary to complete the story of the crime for the jury." *Id*.

Even if evidence is determined to be intrinsic, it is still subject to the balancing test established by Rule 403 and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. In reviewing a district court's Rule 403 ruling, we assume the maximum probative value and the minimum prejudicial impact that could be attributed to the evidence. *See United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006) (per curiam) (citation omitted).

If evidence of prior bad acts is not intrinsic and thus is subject to Rule 404(b), it cannot be used to prove the character of the defendant, but may be submitted to aid the jury for a litany of reasons, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident . . . ." *See* Fed. R. Evid. 404(b). This Courts Rule 404(b) jurisprudence dictates that evidence of prior acts may be admitted so long as (1) it is submitted as something other than propensity evidence (such as proving one of the 404(b) exceptions just mentioned), (2) there is sufficient proof for the jury to determine that the defendant committed the prior act, and (3) the evidence does not fail the Rule 403 balancing test. *See United States v. Matthews*, 431 F.3d 1296, 1310–11 (11th Cir. 2005) (per curiam).

We must keep in mind, however, that an erroneous evidentiary ruling will be reversed only if "there is a reasonable likelihood that [it] affected the defendant's substantial rights." *See United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990) (citation omitted). "We find an error harmless where the purported error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (citation omitted) (internal quotation omitted).

After reviewing the record, we conclude that the district court abused its discretion by admitting the testimony of cooperating witness Acher on the beginnings of his relationship with Larios-Trujillo. That error, however, was harmless.

Acher and Larios-Trujillo began their initial illicit relationship in

4

Massachusetts more than five years before the charged crimes of conspiracy and attempted cocaine possession. The relationship was not continuous from that point forward, as the two broke off all communications for more than one year. After the hiatus, Acher and Larios-Trujillo created a new arrangement and engaged in activities leading up to the charged crimes.

The government's contention that Acher's pre-2006 testimony is intrinsic to the crime charged and thus not subject to Rule 404(b) is unpersuasive. That testimony does not meet any of the three exceptions that would allow it to be classified as such. First, there is no argument that the marijuana transactions from the fall of 2002 were part of the same series of transactions. Second, those initial dealings were not necessary to give the jury an adequate narrative regarding the crimes charged in this indictment. Finally, that testimony is not "inextricably intertwined" with other evidence regarding the charged offenses. While it may have explained the origins of the association, the previous drug transactions were in no way necessary to provide the jury an accurate picture regarding the actions leading to this indictment. We believe Acher's testimony regarding his initial relations with Larios-Trujillo is not close to being "linked in time and circumstances with the charged crime, or . . . an integral and natural part of an account of the crime, or . . . necessary to complete the story of the crime for the

jury." *Williford*, 764 F.2d at 1499.[1]

The government's argument that Acher's testimony could have been admitted under Rule 404(b) is also unpersuasive. The government asserts that his testimony proves intent and motive. But in its brief, it cites to no pre-February 2006 testimony from Acher that shows intent or motive relating to the charged offenses. The value of Acher's testimony regarding activities prior to the renewed association is particularly unnecessary to prove intent or motive for the charged crimes, especially in light of the extensive testimony regarding more current activities. The abundance of temporally-closer evidence further detracts from any value that Acher's early testimony might contain.

Our conclusion that the district court abused its discretion in admitting some of Acher's testimony, however, does not dictate that Larios-Trujilo is entitled to the relief requested. Ultimately, the error in admitting the testimony did not prejudice Larios-Trujillo in light of the substantial evidence presented against him.

---

[1] The trial transcript provides clear evidence for this proposition. The government elicits detailed testimony regarding Acher's teenage years. That extended discussion flows into his testimony about the relationship that he formed with Larios-Trujillo in 2002 and continued until early 2005. (Doc. 280 462–76). The testimony then moves on to the re-establishment of the relationship that occurred in February 2006. It is unclear why the government could not have simply skipped those 15 pages of testimony and elicited that a relationship revolving around illegal drugs formed in 2006, which was substantially closer to the occurrence of the charged offenses and eventually resulted in the charged offenses. Such action would not have created any meaningful gap in the narrative of the case.

The government's case included evidence showing: (1) Larios-Trujillo facilitated the installation of hidden compartments in a vehicle for the purpose of transporting drugs; (2) Larios-Trujillo engaged in numerous recorded conversations, with cooperating witnesses and law enforcement officials, to further the charged conspiracy; (3) Larios-Trujillo discussed traveling to Miami, Florida to meet a ficticous drug supplier; and (4) Larios-Trujillo confessed to participating in the drug transaction that led to his arrest. Based on this evidence, we conclude any error did not infringe on Larios-Trujillo's substantial rights. Accordingly, we affirm.

**AFFIRMED.**

PRYOR, Circuit Judge, concurring specially:

I concur in the result only.